IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANTHONY PELMER,              )
                             )
              Plaintiff,     )
                             )
     v.                      )      No.  06 C 4124
                             )
STUART DEAN,                 )
                             )
              Defendant.     )

## MEMORANDUM OPINION AND ORDER

Promptly after Anthony Pelmer ("Pelmer") tendered his self-prepared Complaint of Employment Discrimination[1] against his ex-employer Stuart Dean Co., Inc. ("Stuart Dean") a couple of years ago, this Court followed its uniform practice of reviewing Pelmer's accompanying In Forma Pauperis Application ("Application") and then granting him leave to go forward without payment of the filing fee.  This Court also apprised Pelmer of the deficiency in his simultaneously-tendered Motion for Appointment of Counsel ("Motion"), sending him replacement forms of Motion--and when Pelmer then cured the original deficiency, this Court (as it always does in such situations) drew on this District Court's trial bar to provide him with pro bono counsel.

Since then the lawsuit has gone forward with substantial activity on both sides (among other things, the appointed counsel

---

[1] "Self-prepared" is employed in the sense that Pelmer used the form provided by this District Court's Clerk's Office for that purpose, filling in the requested information with hand-printed responses.  That is true as well of the "Application" and "Motion" referred to later in this paragraph of the text.

has filed a First Amended Complaint and then a Second Amended Complaint, the latter a bit more than a year ago). Then early this month Stuart Dean, acting on the strength of Pelmer's admissions contained in his discovery responses and in his deposition, filed a motion under 28 U.S.C. §1915(e)(2)(A)[2] to dismiss this action with prejudice. Pelmer's able appointed counsel has responded with Plaintiff's Opposition to Defendant's Motion To Dismiss (cited "Opp. at --"), so that the issue is ripe for decision.

Section 1915(e)(2)(A), enacted as part of a general overhaul of Section 1915 in 1996, has made one change critical to the resolution of the current motion: It replaced the word "may" in what had previously been Section 1915(d) with the word "shall" in the current statute, which now reads:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>   (A) the allegation of poverty is untrue;

That mandate is unambiguous--as Thomas v. Gen. Motors Acceptance Corp., 288 F.3d 305, 307 (7th Cir. 2002)(non-Seventh-Circuit citations omitted) teaches:

> Because the allegation of poverty was false, the suit had to be dismissed; the judge had no choice. 28 U.S.C. §1915(e)(2)(A). The only question is whether

---

[2] All further references to Title 28's provisions will simply take the form "Section--."

2

the judge abused his discretion in making the dismissal
with prejudice. By doing this, he made dismissal a
sanction for the filing of a false application. His
authority to impose such a sanction in an appropriate
case is beyond question. E.g., <u>Mathis v. New York Life
Ins. Co.</u>, 133 F.3d 546, 547-48 (7th Cir. 1998)(per
curiam).

Here Pelmer's counsel has been properly forthright in acknowledging and quantifying the falsity of the Application, but counsel has sought to excuse that falsity on the basis that Pelmer "inadvertently overlooked three income sources" (Opp. at 1) and, in addition, "appears to have underreported the amount of unemployment income that he received during the relevant time" (<u>id</u>.). Those matters are characterized by counsel as mere "oversights" that "were the result of honest mistakes" (<u>id</u>.).

But there is no gainsaying that, in the language of the statute, Pelmer's "allegation of poverty is untrue." It is simply wrong to say, as Pelmer's counsel does, that Stuart Dean is somehow "obligated to show that (1) Plaintiff's omissions were made in bad faith rather than through an innocent oversight" (<u>id</u>. at 2). Just what is meant by "innocent oversight" is unclear--Pelmer is plainly not an unlettered person who cannot understand the plain terms of the Application and the information that it calls for--and it is euphemistic at best for counsel to say that Pelmer "and his family of eight were still subsisting on a very modest income that was not significantly above the poverty level" (Opp. at 2) and that the household income "is slightly

above the poverty level in 2006 for a household of eight" (id. at 5). In fact, as Opp. at 5 acknowledges, the household income was some $41,396.50 as against the Department of Health and Human Services' poverty guideline of $33,600--a disparity of nearly $7,800, or well over 20%.

This Court finds no warrant for judicial legislation here. If Pelmer had made proper disclosure as he was obligated to do, this Court would unquestionably have denied him in forma pauperis status--and it certainly would not have given him the benefit of free legal services. Under such circumstances Congress has directed dismissal of this action under Section 1915(e)(2)(A), and this Court so orders.

Only one matter should be added. Cases in this area sometimes find it necessary to determine, as Thomas did, whether such dismissals should be designated as with prejudice or without prejudice. In the employment discrimination context, however, that distinction falls away: Because suit must be brought within 90 days after EEOC's issuance of its right-to-sue letter (see 42 U.S.C. §2000e-5(f)(1), if Pelmer were to essay another lawsuit it would be barred by limitations. In sum, what is ordered here in conformity with the statutory mandate is simply dismissal.

_____
Milton I. Shadur
Senior United States District Judge

Date: June 26, 2008

4